

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Gregory R. Nyhus**
Assistant U.S. Attorney
Greg.r.nyhus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 14, 2024

Renee Manes
Assistant Federal Public Defender

Re:    *United States v. Jesse David Bennett*
3:23-cr-00112-IM
Plea Agreement Letter

Dear Counsel:

1.    <u>**Parties/Scope**</u>: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    <u>**Charges**</u>: Defendant agrees to plead guilty to Counts 4 and 8 of the Indictment. Count 4 charges a violation of 18 U.S.C. § 844(e) (Threats Regarding Arsons and Bombings) and Count 8 charges a violation of 18 U.S.C. § 875(c) (Threatening Communications).

3.    <u>**Penalties**</u>: The maximum sentences are as follows:

   A.  Count 4 (Threats Regarding Arsons and Bombings, 18 U.S.C. § 844(e)):  Ten years' imprisonment, a fine of $250,000, a maximum of five years of supervised release, and a $100 fee assessment.

   B.  Count 8 (Threatening Communications, 18 U.S.C. § 875(c)): Five years' imprisonment, a fine of $250,000, a maximum of three years of supervised release, and a $100 fee assessment.

4.    <u>**Dismissal/No Prosecution**</u>: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised Aug. 2022

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 2
February 14, 2024

5.    **Elements and Factual Basis**:    The government must establish, beyond a reasonable doubt, the following elements:

a)  Count 4 (Threats Regarding Arsons and Bombings, 18 U.S.C. § 844(e))

  i)    The defendant, through the use of mail, telephone, telegraph, or other instrument of interstate or foreign commerce;
  ii)   Maliciously conveyed false information;
  iii)  In and affecting interstate or foreign commerce;
  iv)   Knowing it to be false;
  v)    Concerning an attempt or alleged attempt being made, or to be made to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property; and
  vi)   By means of fire or an explosive.

b)  Count 8 (Threatening Communications, 18 U.S.C. § 875(c)):

  i)    First, the defendant knowingly transmitted in interstate commerce an email containing a threat to injure individuals, specific locations and businesses in Oregon; and;
  ii)   Second, such email was transmitted for the purpose of issuing a threat, or with knowledge that the email would be viewed as a threat.

c)  Facts

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed.

Count 4 (Threats Regarding Arsons and Bombings, 18 U.S.C. § 844(e)):

On June 13, 2022, the FBI opened an assessment regarding threatening communications which were sent to the Department of Justice (DOJ) webmaster represented to be from an account at gmail.com. The threat was posted through a webform, a format of direct messaging through a form submission. This message included shooting and bombing threats to specific individuals, including direct threats to President Biden and Vice President Harris, and threats to kill public officials in the Capitol. Specifically, the author stated:

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 3
February 14, 2024

> We are going to place bombs and explode them during the prime-time hearings this week. There are already bombs hidden in the area and throughout the city. Also, the Supreme Court is going down. We will highjack private planes on private airfields to crash them into the Supreme Court building during one of the big hearings coming up real soon. I will kill President Biden and Vice President Harris this week. We will cause the insurrection to happen again later this week again… We will gun down all police in DC, including Capital Police and Federal Law Enforcement.

The FBI's Washington Field Office indicated this threat did not come from the address submitted by the sender. Connection information associated with the post was collected and preserved, which eventually established that defendant was the owner of the cell phone which was responsible for the posting.   Defendant knew when sending this message that it would be seen as a threat by the recipient, and defendant knew the threat to be false.

Count 8 (Threatening Communications, 18 U.S.C. § 875(c)):

On November 25 and 26, 2022, serval businesses located in Portland, Oregon, were sent emails from an account at gmail.com that declared the sender to be a white supremacist and engaged in an ethnic and racial attack. The emails stated that the sender planned on utilizing a "collection of rifles" and "homemade packages" to assassinate several individuals in public office and to shoot others at several specific locations.  Investigation established that all email threats individually resolved back to Verizon IP addresses.  All the IP addresses from the sender account were associated with defendant's phone number.  Defendant knew when sending this message that it would be seen as a threat by the recipients.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard. The parties agree to the following:

A. Pursuant to U.S.S.G. §2A6.1(a), the base offense level for violations of 18 U.S.C. §§ 875(c) and 844(e) is 12.
B. Pursuant to U.S.S.G.§ 2A6.1(b)(2)(A), because there were two or more threats, defendant's offense level should be increased by 2 levels.
C. Pursuant to U.S.S.G.§ 2.A6.1, Application Note 3, multiple counts involving different victims are not to be grouped under §3D1.2. Therefore, following the application of

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 4
February 14, 2024

U.S.S.G. §§ 3D1.3 and 3D1.4, conviction of Counts 4 and 8 yields two units, increasing the offense level by 2.

D. Pursuant to U.S.S.G. § 3E1.1 (below) defendant is entitled to a 3-level reduction in the offense level.

E. The parties agree to recommend a 2-level downward departure pursuant to 18 U.S.C. § 3553(a), based on the unique characteristics of defendant's mental health, severe, autism spectrum disorder (ASD), and other neurodevelopmental issues as well as other unique considerations in the prosecution of this case.

F. The parties agree that the total offense level is 11.

G. The parties have no agreement regarding defendant's criminal history score and make no representations herein.

7.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Sentencing Recommendation**:

The government will recommend the low-end of the guideline range as determined by the Court, and the defense intends to seek a sentence of time served.

Both parties agree to recommend a term of supervised release of 60 months (an upward departure of 24 months) and, in addition to the general conditions and any other specific conditions recommended by Probation, the parties agree to jointly recommend the following specific conditions:

- Do not frequent establishments, businesses or residences where defendant knows firearms are sold or stored;
- Find and maintain stable housing, subject to the approval of United States Probation. and abide by any rules or restrictions imposed by the housing authority as a condition of residence;
- Submit to mental health examinations, as necessary and directed by medical professionals, attend any and all treatment appointments, obey directives of any medical provider and take any proscribed medications;

Revised Aug. 2022

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 5
February 14, 2024

- Sign a release allowing the Probation officer to monitor any medical, psychological or pharmaceutical care and consult with other experts if necessary;
- Obtain and maintain appropriate employment unless deemed eligible for disability;
- Allow computer monitoring and associated restrictions to be installed on any device owned, possessed or controlled by defendant which is capable of accessing the Internet;
- Do not access the internet on any device other than that which has been approved by United States Probation;
- Consent to a search by United States Probation of any device capable of accessing the Internet and consent to a search of all accounts supporting or email or messaging;
- Report all primary and additional phone numbers and email addresses to United States Probation:
- Do not maintain or possess any additional electronic devices capable of connecting to the Internet not reported to United States Probation;
- Do not possess or own any dangerous or edged weapons with a blade longer than 3 and 1/2 inches long; and
- Have no contact, directly or indirectly with individuals, locations or entities identified in the Indictment (a jointly agreed upon list to be provided at sentencing and filed under seal).

The USAO agrees not to seek any additional upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees not to seek any additional downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

9.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction and sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of]

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 6
February 14, 2024

defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

10.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

        If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

13.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

        Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 7
February 14, 2024

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

/////

/////

/////

Renee Manes
Re: Jesse David Bennett Plea Agreement Letter
Page 8
February 14, 2024

14.   **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

NATALIE K. WIGHT
United States Attorney

GREGORY NYHUS
Digitally signed by
GREGORY NYHUS
Date: 2024.02.14
15:46:14 -08'00'

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

02/15/2024
Date

JESSE DAVID BENNETT
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/15/2024
Date

RENEE MANES
Attorney for Defendant

Revised Aug. 2022