NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:23-CR-00112-001-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JESSE DAVID BENNETT,** | |
| **Defendant.** | |

A sentence at the low end of the guideline range is sufficient and reasonable and is consistent with the factors enumerated in 18 U.S.C. § 3553(a)

### I.    CRIME OF CONVICTION

A.    Charges

On February 15, 2024, the defendant entered pleas of guilty to Counts 4 and 8 of a 10-count Indictment.  Count 4 charged on or about June 13, 2022, in the District of Oregon, defendant, through the use of electronic communications sent to the Webmaster at the United

**Government's Sentencing Memorandum**                                                                                                       **Page 1**

States Department of Justice, willfully made a threat to destroy a government building, by means of fire or an explosive, in and affecting interstate or foreign commerce, in violation of 18 U.S.C. § 844(e).

Count 8 specifically alleged that on or about November 25 and 26, 2022, in the District of Oregon, defendant did knowingly and willfully transmit in interstate and foreign commerce an email sent to Portland, Oregon [Business Victims 2, 3, 4, 5, and 6] and the communication contained a threat to injure individuals and specific locations, as described in the Indictment, in violation of 18 U.S.C. § 875(c).

The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

The government agrees that the maximum sentence for Count 4 (Threats Regarding Arsons and Bombings, 18 U.S.C. § 844(e)) is Ten years' imprisonment, a fine of $250,000, a maximum of five years of supervised release, and a $100 fee assessment.

For Count 8 (Threatening Communications, 18 U.S.C. § 875(c)), the maximum sentence is five years' imprisonment, a fine of $250,000, a maximum of three years of supervised release, and a $100 fee assessment.

      B.     Plea Agreement

The parties entered into a plea agreement pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The Court is not bound by the recommendation of the parties or the presentence report. The defendant may not withdraw any guilty plea or rescind

the plea agreement if the Court does not follow the plea agreement or the recommendations of the parties. The plea agreement also contains a waiver of appeal.

The government has agreed to dismiss any remaining counts at sentencing, and so moves.

C.     Offense Conduct

Beginning in May 2022, defendant, using the names of real persons, such as "M.J." and others, used several email addresses to make nearly 50 threats to specific businesses, synagogues, churches, political entities, individuals, President Joe Biden, Vice President Kamala Harris, the governor and celebrities. The threats were contained in long, rambling missives posted to "web forms" on various websites.[1] Many of the individuals mentioned in the threats were associated with the defendant through his school, work, and neighborhood. Defendant's threats included statements that he wanted to kidnap, rape, murder, or stalk others, engage in mass shootings, bombings, school shootings, and called for the destruction of critical infrastructure, among others.

*Count 4 (Threats Regarding Arsons and Bombings, 18 U.S.C. § 844(e))*

On October 22, 2022, the Portland office of the FBI began an investigation which revealed that on June 13, 2022, defendant sent a message to Department of Justice (DOJ) webmaster represented to be from an account at gmail.com. This message included shooting and bombing threats to specific individuals, including direct threats to President Biden and Vice President Harris, and threats to kill public officials in the Capitol. Specifically, the author stated:

---

[1] A web form, also known as an HTML form, is a digital form interface on a web page that allows users to input data or interact with a website. Users fill out fields and submit information, such as their name, email address, or phone number, to provide data that an application can collect. The data is then sent to a server for processing. Unlike an email, users can identify themselves however they wish, and include other false information. The submission stays on the host server and is usually traceable through the contributor's IP address. Here, that IP address was leased to defendant's cellular provider, identifying him by his phone number.

**Government's Sentencing Memorandum**                                                                 **Page 3**

> We are going to place bombs and explode them during the prime-time hearings this week. There are already bombs hidden in the area and throughout the city. Also, the Supreme Court is going down. We will highjack private planes on private airfields to crash them into the Supreme Court building during one of the big hearings coming up real soon. I will kill President Biden and Vice President Harris this week. We will cause the insurrection to happen again later this week again… We will gun down all police in DC, including Capital Police and Federal Law Enforcement.

The FBI's Washington Field Office indicated this threat did not come from the address submitted by the sender. Connection information associated with the post was collected and preserved, which eventually established that defendant was the owner of the cell phone which was responsible for the posting. Defendant knew when sending this message that it would be seen as a threat by the recipient, and defendant knew the threat to be false.

*Count 8 (Threatening Communications, 18 U.S.C. § 875(c))*

On November 25 and 26, 2022, serval businesses located in Portland, Oregon, were sent emails from an account at gmail.com that declared the sender to be a white supremacist and engaged in an ethnic and racial attack. The emails stated that the sender planned on utilizing a "collection of rifles" and "homemade packages" to assassinate several individuals in public office and to shoot others at several specific locations. Investigation established that all email threats individually resolved back to Verizon IP addresses. Again, all of the IP addresses from the sender account were associated with defendant's phone number. Defendant knew when sending this message that it would be seen as a threat by the recipients.

## II.    GUIDELINES APPLICATION

The parties have agreed that the Court must first determine the applicable advisory guideline range applicable to the violations above, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a).

**Government's Sentencing Memorandum**                                                                              **Page 4**

Here, the parties have agreed to the calculations below, which are consistent with the Presentence Report:

A. Pursuant to U.S.S.G. §2A6.1(a), the base offense level for violations of 18 U.S.C. §§ 875(c) and 844(e) is 12.

B. Pursuant to U.S.S.G.§ 2A6.1(b)(2)(A), because there were two or more threats, defendant's offense level should be increased by 2 levels.

C. Pursuant to U.S.S.G.§ 2.A6.1, Application Note 3, multiple counts involving different victims are not to be grouped under §3D1.2. Therefore, following the application of U.S.S.G. §§ 3D1.3 and 3D1.4, conviction of Counts 4 and 8 yields two units, increasing the offense level by 2.

D. Pursuant to U.S.S.G. § 3E1.1 (below) defendant is entitled to a 3-level reduction in the offense level.

E. The parties agree to recommend a 2-level downward departure pursuant to 18 U.S.C. § 3553(a), based on the unique characteristics of defendant's mental health, severe, autism spectrum disorder (ASD), and other neurodevelopmental issues as well as other unique considerations in the prosecution of this case.

F. The parties agree that the total offense level is 11.

G. The parties have made no agreement regarding defendant's criminal history score and make no representations herein.

### III. DEPARTURES AND ADJUSTMENTS

Defendant's timely plea of guilty demonstrates that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case which is reflected in a three-level adjustment for acceptance of responsibility.

The parties also agreed to recommend a 2-level downward departure pursuant to 18 U.S.C. § 3553(a), based on the unique characteristics of defendant's mental health, severe, autism spectrum disorder (ASD), and other neurodevelopmental issues as well as other unique considerations in the prosecution of this case.

/ / /

Following reductions and adjustments, the government recommends that the Court find defendant's offense level be calculated as 11.

## IV.  RECOMMENDATION

The government will recommend the low-end of the guideline range as determined by the Court, and the defense intends to seek a sentence of time served.

The parties have agreed to jointly recommend a number of additional conditions of supervision which are reflected in the Presentence Report, Sentencing Recommendation section at paragraphs 16-19 (many of the conditions supported by the parties that are set forth in the plea agreement were redundant or included as part of other special or mandatory conditions).

Most critically, the parties have jointly recommended that defendant have no contact, directly or indirectly with individuals, locations or entities identified in the Indictment as well as other locations provided to the Court under separate cover.

## V.  RESTITUTION

There have been no restitution claims submitted as of the time of this filing.

## VI.  CONCLUSION

Based on the foregoing, the government believes that a sentence at the low end of the guideline range is sufficient under the circumstances and is supported by 18 U.S.C. § 3553(a).

Dated: May 16, 2024

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB # 913841
Assistant United States Attorney